IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD WATERHOUSE,

        Petitioner,

vs.                                          No. CIV-11-685 JB/CG

TIMOTHY HATCH, Warden,

        Respondent.

## ORDER TO EXPAND THE RECORD

**THIS MATTER** comes before the Court, *sua sponte*, for an Order directing Respondent to expand the record. Rule 7(a) of the RULES GOVERNING HABEAS CORPUS UNDER SECTION 2254 provides that "[I]f the petition is not dismissed summarily the judge may direct that the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." Having reviewed the record, the Court finds that it is necessary for Respondent to supplement the record before a disposition can be recommended.

Mr. Waterhouse's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, (Doc.1), alleges that his decision to plead guilty to two counts of criminal sexual penetration in the second degree was due to ineffective assistance on the part of his trial attorneys. (Doc. 1 at 5; Doc. 2). Mr. Waterhouse was charged with several counts of criminal sexual penetration in the first degree in the Eleventh Judicial District Court in San Juan County, New Mexico, on December 2, 2002. (Doc. 2 at 1; Doc. 11-1 at 4). Between December of 2002 and March of 2003, Mr. Waterhouse was assigned two

different public defenders, both of whom left the public defender's office within weeks of being assigned to Petitioner's case. (Doc. 2 at 2; Doc. 11-4 at 54-56). Attorney Ray Archambeau was then assigned to represent Petitioner and he received the case file on March 28, 2003. (Doc. 11-4 at 55). At that time, Mr. Archambeau was one of only two remaining public defenders in the Aztec/Farmington office and he was representing over 400 felony defendants. (*Id.*). Petitioner alleges that Mr. Archambeau had two murder cases set for trial within six weeks of being assigned to Petitioner's case. (Doc. 2 at 2).

Mr. Archambeau first appeared on behalf of Petitioner at a pre-trial hearing on March 31, 2003, only three days after receiving the case file. (Doc. 11-4 at 55). Petitioner alleges that no work had been done on his case to that point. (Doc. 2 at 5). Mr. Archambeau requested a ninety day continuance of the trial date since he needed time to investigate the case. (Doc. 11-4 at 55). The district judge refused to grant a continuance and trial was set for April 18, 2003. (*Id.*; Doc. 2 at 2). Mr. Archambeau represented that he could not be ready within that time frame and the district judge then assigned Brad Dalley - a contract attorney who was sitting in the audience during the hearing - to help prepare for trial. (Doc. 11-4 at 55, 58). Mr. Dalley interviewed the complaining witness and spoke with Petitioner on two occasions while Mr. Archambeau reviewed the police reports and spoke with several police witnesses. (*Id.* at 55-56).

Shortly after being assigned to the case, the district attorney made a plea offer to Mr. Archambeau. (*Id.* at 56). Petitioner would plead guilty to two counts criminal sexual penetration in the second degree and, in return, the district attorney would dismiss the third and fourth count of the indictment. (Doc. 11-1 at 4-6). In addition, the state would dismiss two unrelated felony cases that were currently pending against Petitioner. (*Id.* at 6).

Petitioner asserts that, because Mr. Archambeau was so overworked, he stopped investigating Petitioner's case as soon as he received the plea offer. (Doc. 2 at 5). Despite Petitioner's repeated assertions that he was innocent, Mr. Archambeau explained that he did not have the time or resources to further investigate Petitioner's defenses. (*Id.*). Mr. Dalley told Petitioner that, because there was no time to investigate his defenses, the trial would simply come down to his word against the victim's and that Petitioner would likely be convicted. (*Id.* at 5-6). Petitioner felt like he had no choice but to accept the plea and he did so on April 25, 2003. (Doc. 11-4 at 56).

Prior to accepting the plea, Mr. Archambeau and Mr. Dalley explained that, because the alleged crimes had occurred prior to the effective date of New Mexico Earned Meritorious Deduction Act ("EMDA"), N.M.S.A. 1978 § 33-2-34, they did not believe the EMDA would apply to Petitioner's sentence. (*Id.*). The EMDA reduces the amount of good time credit that an inmate convicted of a "serious violent offense" could accrue from thirty days per month to four days. N.M.S.A. 1978 § 33-2-34(A)(1). Additionally, the EMDA increased the minimum amount of time that must be served for a serious violent offense from fifty percent of the sentence to eighty-five percent. (*Id.* at 2, n. 5).[1] Contrary to counsels' assertions, the EMDA did apply to Petitioner's sentence and he therefore will have to serve at least eighty-five percent of his sentence. (Doc. 2 at 6; Doc 11-4 at 56).

---

[1] As noted by the Supreme Court of New Mexico, "there is no provision in the EMDA or any other New Mexico statute that requires a prisoner to serve 85% of any sentence . . ." *State v. Rudolfo*, 144 N.M. 305, 313 (2008). However, by limiting a prisoner to a maximum of four days of good time per month of incarceration, the EMDA effectively "results in a prisoner having to serve between 86.85% and 100% of his stated sentence." *Id.*

Petitioner eventually filed two habeas petitions in the Eleventh Judicial District Court alleging that his plea was neither knowing nor voluntary due to the ineffective assistance of his trial counsel. (Doc. 11-3 at 1, 10-16; Doc. 11-4 at 1-24). Petitioner alleged that his attorneys' failure to investigate his case and possible defenses, their failure to secure an expert witness, and their misrepresentations regarding the applicability of EMDA to his sentence rendered his plea involuntarily. (*See, e.g.*, Doc. 11-4 at 7-16). The District Court denied both petitions without conducting an evidentiary hearing. (Doc. 11-3 at 38-40; Doc. 11-4 at 63-70). On appeal, the Supreme Court of New Mexico remanded the case to the District Court with instructions to conduct an evidentiary hearing. (Doc. 11-7 at 34-35).

The District Court conducted an evidentiary hearing on February 28, 2011. (Doc. 11 at 9). Following the hearing and further briefing by the parties, the District Court found that Petitioner had not shown that he was prejudiced by his attorneys' performance and again dismissed the amended petition. (Doc. 11-7 at 58-63). The Supreme Court of New Mexico denied Petitioner's subsequent petition for a writ of certiorari and his motion for rehearing. (Doc. 11-9 at 1, 20).

Petitioner then filed the instant *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* wherein he raises the same allegations of ineffective assistance of counsel. (Doc. 1). The question before this Court is whether the District Court's decision was contrary to or an unreasonable application of federal law or whether the decision was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1), (2). The Court cannot presently evaluate the reasonableness of the District Court's decision without reviewing the transcripts of Petitioner's pre-trial and post-trial proceedings. These proceedings include, but are not

limited to, Petitioner's pre-trial, change-of-plea, and sentencing hearings, as well as the evidentiary hearing conducted by the District Court.

**IT IS THEREFORE ORDERED**, pursuant to Rule 7(a) of the RULES GOVERNING HABEAS CORPUS UNDER SECTION 2254, that Respondent expand the record by providing all transcripts or tapes of Petitioner's pre-trial and post-trial proceedings. If the proceedings are taped, the Court would prefer that Respondent have them transcribed for ease of review. *See* Rule 5(c) of the RULES GOVERNING HABEAS CORPUS UNDER SECTION 2254 ("The judge may order that . . . untranscribed recordings be transcribed and furnished.").

**IT IS FURTHER ORDERED** that Respondent provide the records no later than January 9, 2012.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE