IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD WATERHOUSE,

          Petitioner,

vs.                                     No. CIV-11-685 JB/CG

TIMOTHY HATCH, Warden,

          Respondent.

## ORDER

**THIS MATTER** comes before the Court on *Respondent's Motion to Accept the Notice Re: Filing of State District Court Tapes, CD and Court Monitor Logs as Timely Filed*, (Doc. 15). The Court, having considered the motion, and otherwise being fully advised in the premises, finds that it is well-taken and will be **GRANTED**.

Respondent was ordered to expand the record before this Court by filing transcripts of several state court proceedings in Petitioner's case. (Doc. 13). The records were due by January 9, 2012, but were not filed until January 17, 2012, (Doc. 14; Doc. 15). Respondent states that the late filing was due to a calendaring oversight. (Doc. 15 at 2). Respondent requests that the Court accept the filing of the state court records.

Under Rule 6(b) of the Federal Rules of Civil Procedure, a district court may accept a late filing if it finds that the filing resulted from "excusable neglect." To determine what constitutes excusable neglect, the Court must consider all relevant circumstances surrounding the late filing. *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045-46 (10th Cir. 1994) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,

507 U.S. 380, 395 (1993)). Factors relevant to determining whether Respondent has shown excusable neglect include: "1) the danger of unfair prejudice to the nonmoving party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith." *Id.*

In this case the third factor weighs against excusing the late filing. Respondent candidly acknowledges that a scheduling error caused the late filing and there is no doubt that this error was within Respondent's control. However, the Court finds that the first, second, and fourth factors weigh heavily in favor of excusing the late filing. Respondent's late submission did not unfairly prejudice Petitioner since the records were filed only a few days late. Similarly, the late filing did not unreasonably delay these proceedings. Moreover, the oversight does not appear to be the result of bad faith on Respondent's part. The fact that a late filing was caused by a party's negligence does not preclude the Court from finding that the party acted in good faith. *Pioneer*, 507 U.S. at 392.; *see also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (noting that a late filing was due to "mistake, inadvertence or carelessness and not to bad faith on defendants' part.").

**IT IS THEREFORE ORDERED** that *Respondent's Motion to Accept the Notice Re: Filing of State District Court Tapes, CD and Court Monitor Logs as Timely Filed*, (Doc. 15), be **GRANTED**. The Court will accept the state court filings.

_____
THE HONORABLE CARMEN. E. GARZA
UNITED STATES MAGISTRATE JUDGE